UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| MALDEN BROOKS FARM LLC, | Case No. 10-42617-MSH |
| Debtor. | |

**MEMORANDUM OF DECISION ON DEBTOR'S MOTION TO REJECT PURCHASE AND SALE AGREEMENT WITH DENNIS MINNICH [#18]**

This matter is before me on the Debtor's Motion to Reject Purchase and Sale Agreement with Dennis Minnich [#18] and Dennis Minnich's opposition thereto [#30]. In support of its Motion, the debtor emphasizes the inequality of positions between Robert Tashjian, the 80 year old member and manager of the debtor who signed the purchase and sale agreement on behalf of the debtor as seller five days before the debtor's chapter 11 petition was filed, and the buyer, Minnich, who was the uniformed chief of police for the Town of West Boylston and who presented the agreement to Dr. Tashjian for his signature. Minnich responded with a history of his long and friendly relationship with Dr. Tashjian and his sister. While interesting, none of this is relevant to resolving this contested matter. All that need be said about the facts is that the debtor seeks to reject a prepetition purchase and sale agreement for real estate on the grounds that the sale price is less than the fair value of the real estate and that Minnich is not a purchaser in possession of the property at issue.

A trustee, or a debtor in possession, may assume or reject an executory contract or unexpired lease. 11 U.S.C. § 365(a). In this circuit the test governing motions to assume or reject, at least for those executory contracts not implicating 11 U.S.C. §§ 365(c) and (e), is the business judgment rule. In re Leroux, 1997 WL 375677 at *9 (Bankr. D. Mass. 1997). See also

1

NLRB v. Bildisco & Bildisco, 465 U.S. 513, 523, 104 S.Ct. 1188, 1195, 79 L.Ed.2d 482 (1982)(recognizing that the business judgment rule is the "traditional" test).  The rule accords a debtor's decision to assume or reject an executory contract or unexpired lease "the deference mandated by the sound business judgment rule as generally applied by courts to discretionary actions or decisions or corporate directors."  Lubrizol Enterprises, Inc. v. Richmond Metal Finishers, Inc. (In re Richmond Metal Finishers, Inc.), 756 F.2d 1043, 1046 (4th Cir. 1985).

> As generally formulated and applied in corporate litigation the rule is that courts should defer to --should not interfere with-- decisions of corporate directors upon matters entrusted to their business judgment except upon a finding of bad faith or gross abuse of their "business discretion." . . . Transposed to the bankruptcy context, the rule as applied to a bankrupt's decision to reject an executory contract because of perceived business advantage requires that the decision be accepted by courts unless it is shown that the bankrupt's decision was one taken in bad faith or in gross abuse of the bankrupt's retained business discretion.

Id. at 1047 (internal citations omitted).

Minnich argues that the debtor has failed to identify the procedure it used in determining to reject the purchase and sale agreement and thus has not demonstrated that its decision is based on sound business judgment.  There is no requirement that the debtor lay out the procedure it undertook in making the decision to reject, only that the decision not be made in bad faith or constitute a gross abuse of the debtor's business discretion. The debtor's allegation that the purchase price for the real estate in the purchase and sale agreement was less than its fair value is sufficient indication that the debtor's decision to reject was not in bad faith or a gross abuse of its business discretion.

Minnich alleges that the debtor's decision to reject is not in the estate's best interest, because rejection will give Minnich a claim for loss of the benefit of the bargain and because it will lead to an action for specific performance.  Minnich is correct that he will have a rejection claim for the breach of the purchase and sale agreement under 11 U.S.C. § 365(g).  Such claim

will be deemed to be a prepetition unsecured claim under 11 U.S.C. § 502(g)(1) for whatever damages arising from the breach Minnich can prove. Malden Mills Industries, Inc. v. Maroun (In re Malden Mills Industries, Inc.), 303 B.R. 688, 702 (1st Cir, B.A.P. 2004). He is incorrect, however, that the existence of a damage claim arising upon rejection constitutes grounds for denying the debtor's motion. To hold otherwise would vitiate § 365(g) and § 502(g).

Minnich is also incorrect in claiming that the debtor's rejection gives rise to an action for specific performance effectively circumventing the effect of rejection. In advocating for his right to specific performance, Minnich relies upon Abboud v. The Ground Round (In re The Ground Round), 482 F.3d 15, 18 (1st Cir. 2007), in which the court agreed that "a specific performance right to property under state law is left undisturbed and should be enforced-*unless* the Bankruptcy Code otherwise bars this outcome." (Emphasis in the original). An executory contract for the purchase of real estate by a purchaser not in possession is one such area where the Code bars specific performance. As the court in In re A.J. Lane & Co., 107 B.R. 435, 438-39 (Bankr. D. Mass. 1989), explained:

> Congress certainly knows how to protect property interests from termination through rejection. Rejection by a lessor of real estate, by a seller of timeshare realty interests, or by a licensor of intellectual property does not terminate the property interest of the other party unless that party elects to treat his interest as terminated. § 365(h) and (n). Similar protection is given a purchaser in possession under the debtor's executory contract to sell real property. He is entitled to remain in possession notwithstanding the debtor's rejection of the contract, provided that he continues to make payments under the contract, and he has the right to offset against the remaining purchase price any damages caused by the debtor's non-performance. § 365(i). Upon completion of the payments, the bankruptcy estate is required to deed him the property. . . . If the purchaser chooses to treat the contract as terminated, he has a lien on the property for recovery of that part of the price already paid. § 365(j). Purchasers in possession were granted these rights in response to dissatisfaction with the absence of clear statutory protection for a consumer purchaser under a so-called "land sale contract," which involves payments over a number of years while the buyer is in possession. A buyer in these circumstances was considered to have particularly strong equities militating

3

against rejection, and some courts regarded the arrangement as the practical equivalent of a mortgage. . . .

Strikingly absent from § 365 is any protection for a buyer not in possession… Rejection of such contractual commitments therefore comes within the general sweep of § 365. This seems clear from the statute. Moreover, it is a rule of statutory construction that if Congress intends to change an established judicial doctrine, it should make that intent specific…. It was well established under the prior Bankruptcy Act that the estate could reject a contract to sell real estate where the buyer was not in possession. The buyer's right to specific performance, and the doctrine of equitable ownership flowing therefrom, were considered subordinate to the estate's right of rejection.

Rejection of an agreement for the purchase of real estate by a purchaser not in possession of the real estate is one of those areas where the Bankruptcy Code bars enforcement of the right to specific performance under state law.  Because Minnich's state law right must yield to the Bankruptcy Code and because the debtor's decision to reject the purchase and sale agreement is within its sound business judgment, the Motion to Reject the Purchase and Sale Agreement will be allowed.  A separate order will issue.

Dated:  July 20, 2010

_____
Melvin S. Hoffman
United States Bankruptcy Judge

4