UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 10-42617-MSH |
| MALDEN BROOK FARMS, LLC | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |

### ORDER ON CHAPTER 11 TRUSTEE'S MOTION TO CONVERT

This matter came before me for hearing on the chapter 11 trustee's motion to convert this case from chapter 11 to chapter 7 on the grounds that the debtor has no business to reorganize and that the principals of the debtor have hindered and interfered with the trustee's performance of his duties. Helen Tashjian and Robert Tashjian, the debtor's principals, objected to conversion.[1] Their opposition rehashes many of the arguments they have advanced throughout this case in their efforts to prevent and undo a prior sale of the debtor's assets and like their previous pleadings is replete with unsubstantiated accusations of fraud, conspiracy and threats to national security. The Tashjians also argue that I may not convert this case to chapter 7 without the debtor's consent because of Bankruptcy Code § 1112(c) (11 U.S.C. § 101 *et seq.*). Bankruptcy Code § 1112(c) prohibits the conversion of a chapter 11 case to one under chapter 7 "if the debtor is a farmer or a corporation that is not a moneyed, business, or commercial corporation, unless the debtor requests such conversion." Section 101(21) of the Bankruptcy Code defines the term "farming operation" to include "farming, tillage of the soil, dairy farming, ranching, production or raising of crops,

---

[1] The opposition is signed by both Robert Tashjian and Helen Tashjian as "co-managers" and "equity shareholders" of the debtor. It appears, however, that Robert Tashjian, who is not an attorney, drafted the pleading and I understand the use of the pronoun "I" in the pleading to refer to Robert Tashjian and not his sister, Helen.

1

poultry or livestock, and production of livestock products in an unmanufactured state." Although the list is not exhaustive, courts generally begin their analysis by examining whether a given debtor engages in activities that are typical of farming. "A significant factor in a court's analysis of whether a particular activity constitutes a farming operation is whether the debtor bears any of the inherent risks traditionally associated with farming." 2 COLLIER ON BANKRUPTCY (Alan N, Resnick & Henry J. Sommer ed.) ¶ 101.2 (16th ed. 2010). *See also Fed. Land Bank of Columbia v. McNeal (In re McNeal)*, 848 F.2d 170, 171 (11th Cir. 1988) *aff'g* 77 B.R. 315 (S.D Ga. 1987) (business not exposed to inherent risks and cyclical uncertainties not a farming operation). *See also In re Tim Wargo & Sons, Inc.*, 869 F.2d 1128 (8th Cir. 1989) (debtor who leases land to tenant who has responsibility for crop production is not engaged in farming operations). Another key factor is that the activity must be related to the *debtor's* farming activity. A debtor's activity, even if typically considered farming, is not a farming operation within the meaning of the Bankruptcy Code if it is related to the farming business of another. Thus, for example, where a debtor neither raised the chickens nor grew the crops, his chicken coop cleaning service and fertilizer sales business was not a farming operation. *McNeal*, 848 F.2d at 170.

The assertion that § 1112(c) applies in this case is based on the following statements in the Tashjians' opposition to the motion to convert:

> "In addition to being a veterinarian, no one can challenge my capabilities and credentials of being a farmer.
>
> 1. I have lived my life on Malden Brook Farm. The farm excelled in many ways including having an outstanding nationally recognized herd of Ayshire dairy cattle.
>
> 2. I worked the fields in the market gardening programs which included high quality fruits and vegetables. While I was the Director of the Animal Center in New York City, III was also responsible for the agricultural and EIA programs on Duke Farms, Somerville, New Jersey. I had a total staff responsibility

2

between the Animal Medical Center, New York City, and Duke Farms of approximately 500 staff.

3. At Duke Farms in Somerville, New Jersey, I had the Administrative [sic] responsibility over about 300 purebred dairy cows, 100 horses, and a large grain crop program of corn, soybeans, and rice, harvesting about 70,000 bales of hay annually on the 3000 acre estate and farm.

4. Later at Malden Brook Farm, I was instrumental in adding the 405 and 152 Prospect Street units in addition to the 77 Lee Street unit to the base 378 Prospect Street unit of Malden Brook Farm. The base unit was established in 1894.

5. Under my direction, Malden Brook Farm received recognition in the year 2000 as a Century Massachusetts Family Farm by the MDAR.[2]

6. I founded the American Veterinary Medical Frontiers, Inc., a 501(c)(3) public operating foundation as the organization to continue the mission of a Century Family Farm in these critical times with a vision and immortality for decades to come. I have lived and seen agriculture on New England farms dating back to pre World War II, and then past World War II to the present time.

7. It is an absolute disgrace that [the chapter 11 trustee] sold the Century Family Farm to a Police Chief of very little knowledge of agriculture. The MDAR chose to break up the farm units of a Century Family Farm.

8. I have a strong feeling and love for all animals and the land and the environment on which these domestic and wildlife can live together in peace...."

While Dr. Tashjian's resume is indeed impressive, the difficulty with the foregoing statements is that they speak to Dr. Tashjian's prior experience and to a farm called Malden Brook Farm. They fail to address the issue of whether the *debtor*, Malden Brook Farms LLC, is or was on the petition date a farm or a corporation that is not a moneyed, business or commercial entity.[3] A review of the pleadings in this case reveals that the debtor is none of these.

---

[2] I understand "MDAR" to be a reference to the Massachusetts Department of Agricultural Resources.

[3] The debtor is a limited liability company and thus falls within the definition of a corporation for purposes of § 1112(c).

3

Shortly after the chapter 11 case was commenced on May 24, 2010 to avoid an imminent foreclosure sale, the debtor filed a motion to reject the purchase and sale agreement that Dr. Robert Tashjian had executed on behalf of the debtor to sell certain real estate to Dennis Minnich, the police chief for the Town of West Boylston, Massachusetts.[4] In that motion, which was allowed, the debtor described its assets as seventeen parcels of land in West Boylston and that it, as debtor-in-possession, intended to sell certain parcels to pay its creditors. The pleading is devoid of any reference to farming operations or non-profit status. More importantly, the sale of land is generally not considered farming unless it can be shown to be an inherent part of active farming. *In re Powers*, 2011 WL 3663948, at *1 (Bankr. N.D. Cal. Aug. 12, 2011).

The debtor's schedule of assets and liabilities, signed under penalty of perjury by Dr. Tashjian, lists several parcels of real estate which the debtor valued at $4,148,700. Schedule B, however, lists no personalty. The box labeled "none" is checked for the following types of personal property specifically itemized on schedule B: 31 ("Animals"), 32 ("Crops-growing or harvested"), 33 ("Farming equipment and implements") and 34 ("Farm supplies, chemicals, and feed"). It is hard to imagine how the debtor could function as a farming operation without owning at least some of these items. A page entitled "Business Income and Expenses" lists the debtor's income for the twelve months prior to its bankruptcy filing as $0.00. According to that same statement, the debtor had no employees and no expenses. The statement of financial affairs confirms that the debtor had no income for 2008, 2009 and 2010.

On or about June 5, 2012 Dr. Tashjian filed an affidavit in support of his attempt to obtain an order vacating the sale of the debtor's property. Although the recitation of the facts in the

---

[4] I may take judicial notice of the docket and pleadings in this case.

4

affidavit is far from clear, the affidavit indicates, as do other pleadings filed by Dr. Tashjian, that he is or hopes to be involved in research regarding certain equine illnesses and vaccines and that at some point horses were kept at the debtor's property. Veterinary or medical research is not farming activity and in any event is not the debtor's activity. Nor is the fact that horses have been kept on the property farming activity. *In re Poe*, 2009 WL 2357160 (Bankr. N.D.W.Va. July 29, 2009) (boarding and training horses is not farming operation). I note that some of the land is occupied with personal residences and offices of Dr. Tashjian's other ventures. Under a totality of the circumstances approach, which courts have employed in determining whether a debtor is engaged in a farming operation, *In re Wolline*, 74 B.R. 208 (Bankr. E.D. Wis. 1987), I find that the debtor is not engaged in farming operations within the meaning of the Bankruptcy Code.

Finally, as Dr. Tashjian has noted in several pleadings, it is American Veterinary Medical Frontiers, Inc. which is a charitable corporation with tax exempt status under 26 U.S.C. § 501(c)(3). There is nothing in the record to indicate that the debtor is recognized by the Internal Revenue Service or any other authority as a charitable entity. Dr. Tashjian's argument that the debtor is not a moneyed corporation exhibits a misunderstanding of the term. While the debtor may indeed have no source of income and no assets beyond the real estate, the fact that the debtor has no money is not determinative of whether it is not a moneyed corporation. Instead "the test for whether a debtor is a moneyed, business, or commercial corporation is determined by a consideration of 'the classification of the corporation by the state; the powers conferred upon it; and the character and extent of its main activities.'" *Yehyd-Monosson USA v. Fokkena (In re Yehud-Monosson USA, Inc.)*, 458 B.R. 750, 755 (8th Cir.BAP 2011) (quoting *Missco Homestead Ass'n v. U.S.*, 185 F.2d 280, 282 (8th Cir. 1951), which interpreted the identical language in the

5

Bankruptcy Act of 1898). Under this test the debtor does not qualify as a non-moneyed company.

Accordingly the trustee's motion to convert is ALLOWED.

Dated: July 20, 2012

By the Court,

*[signature]*

Melvin S. Hoffman
U.S. Bankruptcy Judge